IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. ESTRADA,

    Petitioner,                 No. CIV S-08-1547 WBS GGH P

    vs.

K. CLARK,

    Respondent.            FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2007 conviction for discharge of a firearm with gross negligence and possession of a firearm by a felon. The petition raises one claim: petitioner's sentence violates <u>Cunningham v. California</u>, 549 U.S. 270, 127 S.Ct. 856 (2007).

        After carefully considering the record, the court recommends that the petition be denied.

<u>Anti Terrorism and Effective Death Penalty Act (AEDPA)</u>

        The Antiterrorism and Effective Death Penalty Act (AEDPA) applies to this petition for habeas corpus which was filed after the AEDPA became effective. <u>Neelley v. Nagle</u>, 138 F.3d 917 (11th Cir.), citing <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S. Ct. 2059 (1997). The

AEDPA "worked substantial changes to the law of habeas corpus," establishing more deferential standards of review to be used by a federal habeas court in assessing a state court's adjudication of a criminal defendant's claims of constitutional error. Moore v. Calderon, 108 F.3d 261, 263 (9th Cir. 1997).

In Williams (Terry) v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000), the Supreme Court defined the operative review standard set forth in § 2254(d). Justice O'Connor's opinion for Section II of the opinion constitutes the majority opinion of the court. There is a dichotomy between "contrary to" clearly established law as enunciated by the Supreme Court, and an "unreasonable application of" that law. Id. at 1519. "Contrary to" clearly established law applies to two situations: (1) where the state court legal conclusion is opposite that of the Supreme Court on a point of law, or (2) if the state court case is materially indistinguishable from a Supreme Court case, i.e., on point factually, yet the legal result is opposite.

"Unreasonable application" of established law, on the other hand, applies to mixed questions of law and fact, that is, the application of law to fact where there are no factually on point Supreme Court cases which mandate the result for the precise factual scenario at issue. Williams (Terry), 529 U.S. at 407-08, 120 S. Ct. at 1520-1521 (2000). It is this prong of the AEDPA standard of review which directs deference to be paid to state court decisions. While the deference is not blindly automatic, "the most important point is that an *unreasonable* application of federal law is different from an incorrect application of law....[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams (Terry), 529 U.S. at 410-11, 120 S. Ct. at 1522 (emphasis in original). The habeas corpus petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 123 S. Ct. 357 (2002).

/////

The state courts need not have cited to federal authority, or even have indicated awareness of federal authority in arriving at their decision. Early v. Packer, 537 U.S. 3, 123 S. Ct. 362 (2002). Nevertheless, the state decision cannot be rejected unless the decision itself is contrary to, or an unreasonable application of, established Supreme Court authority. Id. An unreasonable error is one in excess of even a reviewing court's perception that "clear error" has occurred. Lockyer v. Andrade, 538 U.S. 63, 75-76, 123 S. Ct. 1166, 1175 (2003). Moreover, the established Supreme Court authority reviewed must be a pronouncement on constitutional principles, or other controlling federal law, as opposed to a pronouncement of statutes or rules binding only on federal courts. Early v. Packer, 537 U.S. at 9, 123 S. Ct. at 366.

However, where the state courts have not addressed the constitutional issue in dispute in any reasoned opinion, the federal court will independently review the record in adjudication of that issue. "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

The California Court of Appeal was the last state court to issue a reasoned opinion addressing the claim raised in this action. See Respondent's Exhibit 6. Accordingly, this court considers whether the denial of this claim by the California Court of Appeal was an unreasonable application of clearly established Supreme Court authority. Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000) (when reviewing a state court's summary denial of a claim, the court "looks through" the summary disposition to the last reasoned decision).

Discussion[1]

Petitioner alleges that the trial court violated his Sixth and Fourteenth Amendment rights to a jury trial and due process by imposing the upper term at sentencing based on

---

[1] The court will not put forth a summary of the facts underlying the conviction as it is not relevant to the claim raised in the petition.

1 aggravating facts that were not found by a jury beyond a reasonable doubt.

2 The opinion of the California Court of Appeal accurately summarizes petitioner's
3 sentence:

> On May 7, 2007, the court sentenced defendant to an aggregate term of four years in prison, comprised of an aggravated three-year term on the negligent discharge count, a concurrent two-year term on the felon in possession count, and one year for the prior prison term. The court explained: "On Count 1, the [Penal code section] 246.3, the negligent discharge of a firearm, the Court is imposing the high term. The Court is doing that because within the meaning of [California Rules of Court, rule] 4.421(a)(1), the crime involved threat of great bodily harm, and a stray bullet could have injured or killed somebody. Pursuant to subsection (2), the same section, the defendant's prior convictions are numerous, and I've got a copy of his rap sheet attached to the probation report. The defendant was on parole when he committed the instant offense, and his prior performance on probation has been unsatisfactory. So I'm imposing the high term of three years.

Respondent's Exhibit 6, pp. 1-2; see also RT 228.

In Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000), the United States Supreme Court held as a matter of constitutional law that, other than the fact of a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 520 U.S. at 490, 120 S.Ct. 2348. In Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531 (2004), the Supreme Court held that the "statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 542 U.S. at 303, 124 S.Ct. 2531.

In People v. Black, 35 Cal.4th 1238 (2005) ("Black I"), the California Supreme Court held that California's statutory scheme providing for the imposition of an upper term sentence did not violate the constitutional principles set forth in Apprendi and Blakely. The Black I court reasoned that the discretion afforded to a sentencing judge in choosing a lower, middle or upper term rendered the upper term under California law the "statutory maximum." Black I, 35 Cal.4th at 1257-61.

/////

In <u>Cunningham</u>, <u>supra</u>, the United States Supreme Court held that a California judge's imposition of an upper term sentence based on facts found by the judge (other than the fact of a prior conviction) violated the constitutional principles set forth in <u>Apprendi</u> and <u>Blakely</u>. <u>Cunningham</u> expressly disapproved the holding and the reasoning of <u>Black I</u>, finding that the middle term in California's determinate sentencing law was the relevant statutory maximum for purposes of applying <u>Blakely</u> and <u>Apprendi</u>. <u>Cunningham</u>, 549 U.S. at 291-294, 127 S.Ct. 856.

In light of <u>Cunningham</u>, the Supreme Court vacated <u>Black I</u> and remanded the case to the California Supreme Court for further consideration. <u>Black v. California</u>, 549 U.S. 1190, 127 S.Ct. 1210 (2007). On remand, the California Supreme Court held that "so long as a defendant is eligible for the upper term by virtue of facts that have been established consistently with Sixth Amendment principles, the federal Constitution permits the trial court to rely upon any number of aggravating circumstances in exercising its discretion to select the appropriate term by balancing aggravating and mitigating circumstances, regardless of whether the facts underlying those circumstances have been found to be true by a jury." <u>People v. Black</u>, 41 Cal.4th 799, 813 (2007) (<u>Black II</u>). In other words, as long as one aggravating circumstance has been established in a constitutional manner, a defendant's upper term sentence withstands Sixth Amendment challenge.

Relying on <u>Black II</u>, the Ninth Circuit recently confirmed that, under California law, only one aggravating factor is necessary to authorize an upper term sentence. <u>Butler v. Curry</u>, 528 F.3d 624, 641-43 (9th Cir.), <u>cert</u>. <u>denied</u>, --- U.S. ----, 129 S.Ct. 767 (2008).

In the instant case, the trial court stated that it was imposing the upper sentence, in part, because petitioner's prior convictions were numerous. RT at 228. Cal. Rules of Court 4.421(b)(2) provides that a numerous convictions may justify an upper term: "[t]he defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness." Reliance on prior convictions as a sentencing enhancing factor does not run afoul of <u>Apprendi</u> et al, in that such prior convictions need not be proven to a

1 jury. Apprendi, 530 U.S. 490, 120 S.Ct. 2362-63.

2 Because the upper term sentence was based, in part, on the fact of petitioner's numerous prior convictions, the trial court did not violate petitioner's Sixth Amendment rights by imposing this sentence.[2] Butler, supra; Cunningham, supra. For these reasons, the denial of this claim by the California Court of Appeal was not an unreasonable application of clearly established Supreme Court authority. The petition should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 1, 2009

/s/ Gregory G. Hollows
───────────────────────────────
UNITED STATES MAGISTRATE JUDGE

est1547.157

---

[2] Petitioner does not contend that the trial court incorrectly found that he had numerous prior convictions.

6